UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY L. JONES, #158586,

        Plaintiff,

v.

CASE NO. 2:10-CV-11605
HONORABLE LAWRENCE P. ZATKOFF

SAMUEL B. KIRKLAND, et al.,

        Defendants.
                                      /

**OPINION AND ORDER DENYING APPLICATION FOR PRISONER TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT**

**I.    Introduction**

Michigan prisoner Henry L. Jones ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs so that he may proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names probation officer Samuel Kirkland and supervisors Miriam J. Mack and Yvette Seaton-Croom as defendants in this action. Although the complaint is difficult to read and follow, it appears that Plaintiff is challenging the accuracy of a pre-sentence investigation report and alleging fraud, false sentence, and false imprisonment. Plaintiff also recently filed a motion to amend his complaint but the relief requested is substantively the same. For the reasons stated herein, the Court denies Plaintiff's application to proceed without prepayment of fees or costs, denies Plaintiff's motion to amend his complaint and dismisses the complaint pursuant to 28 U.S.C. § 1915(g).

**II.    Discussion**

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

1

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
|---|---|---|---|
| 93-CV-70529 | Nolan | 03/15/93 | Avern Cohn |
| 93-CV-70562 | MDOC, et al. | 03/11/93 | Patrick J. Duggan |
| 93-CV-70563 | Nobles, et al. | 03/18/93 | George E. Woods |
| 93-CV-70564 | O'Hair | 02/24/93 | Paul V. Gadola |
| 93-CV-74259 | Hayes, Jr., et al. | 10/29/93 | Gerald E. Rosen |

Although the cited dismissals were entered before the PLRA's enactment in 1996, such dismissals nevertheless count as strikes. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28

2

U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The events giving rise to Plaintiff's complaint, *i.e.*, inaccurate sentencing information, fraud, improper sentence and imprisonment, do not pose any threat of imminent danger of serious physical injury. Moreover, the underlying events set forth in Plaintiff's motion to amend his complaint are the same and likewise do not pose any such threat. Plaintiff has also not alleged any other facts (in the complaint or his proposed amended complaint) which show that he is under immediate or specific danger of serious physical injury. *See Davis v. Cook*, 4 F. App'x 261, 262 (6th Cir. 2001). Plaintiff has thus failed to establish that he falls within the exception to the three strikes rule, either in the complaint he initially filed or in his proposed amended complaint.

## III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed more than three previous lawsuits in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs, and **DENIES** Plaintiff's motion to amend his complaint and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment

3

of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the named defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 15, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290